IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                         CR. NO. S-07-0315 GGH

    vs.

KENNETH EARL NUSE, JR. and
MARY L. DECKER,

        Defendant.                  ORDER
_____/

        On July 19, 2007, the United States filed an information against defendant Nuse, and quickly superseding it on July, 30, 2007. Nuse's first appearance occurred on August 13, 2007; at that appearance a not guilty plea was entered and trial was set for October 15, 2007 with trial confirmation scheduled on October 1, 2007. The gist of the case against Nuse involves allegations of defrauding the Social Security Administration in that Nuse, as representative payee for payment of Supplemental Security Income payments, did not report the fact that he was married to the beneficiary of the payments – a fact that may well have affected the eligibility for such  payments.

        At trial confirmation, Nuse requested a continuance of the trial for purposes of continuity of counsel and for further preparation, i.e, exploring the existence of further

1

documentation.  The United States had no objection.  Trial was now set for November 13, 2007, with the Speedy Trial Act tolled from October 1, 2007 through November 13, 2007.  No mention was made at this hearing about the possible addition of any defendant.

On October 31, 2007, the United States filed a second superseding indictment naming a new defendant, Mary Decker.  This defendant is alleged to have committed almost the same crimes as defendant Nuse, but at an earlier time when she was the representative payee.  Decker, the mother of the beneficiary, is asserted to have known about the Nuse marriage to her daughter.

On November 5, 2007, defendant Decker appeared and pled not guilty.  The attorney for Nuse appeared as well and objected to continuance of his trial, which would have been necessary if Nuse and Decker were to be tried together.  The Speedy Trial clock was reset with the appearance of the new defendant.  Because of the eleventh hour nature of the second superseding indictment, Nuse did not have time to make a formal written motion for severance, i.e., the trial would per force have to be continued to hear such a motion.  The undersigned determined to hear the speaking motion.

When questioned about the reason for the belated Decker filing, the United States could only muster a vague "investigation was just finished."  Counsel for Nuse questioned this in that he referenced a "confession" that Decker had made in or about May 2007.  When further questioned for more specifics, counsel for the government alluded to an unspecified intra-office thought process which he did not want to divulge.

The undersigned does not take issue with much of the law proffered by the United States in its later filed memorandum of November 5, 2007, essentially discussing the near presumption for joint trials of all defendants.  The <u>Bruton</u> issue would be worthy of further analysis when further facts about Decker's "confession" are known.  However, the memorandum misses the point for the most part.  And, that point is – can the United States make an eleventh hour joinder which will necessitate continuance of the "old" defendant's trial when no specific,

1  legitimate reason is given for the late joinder.

2        As the record stands now, the reasons for the United States' belated joinder are
3  speculations. "Just finishing the investigation" when there appears no reason to believe that
4  investigation was not in reality finished long ago in all its primary aspects is insufficient.
5  Moreover, although the substance of the charges against both defendants are related insofar as
6  they revolve about Nuse's marriage to the SSI beneficiary, proof of knowledge and intent for the
7  alleged crimes will reference separate times for each of the defendants given their separate stints
8  as representative payee.  The court could speculate that the government had a side deal with the
9  newly named defendant which went sideways, or that the government has no AUSAs who can try
10 the case on short notice in place of the certified students, but these would be mere speculations.

11       Therefore, in balancing Nuse's right to a speedy trial with the reasons for having
12 the trials proceed jointly, the undersigned grants defendant Nuse's motion to sever.  See United
13 States v. Byrd, 466 F. Supp. 2d 550 (S,D.N.Y. 2006).

14       Accordingly, Nuse's motion to sever is granted and trial for Nuse remains on
15 November 13, 2007 at 9:00 a.m.  Proposed voir dire, substantive jury instructions, and a reply to
16 Nuse's motion -in-limine shall be filed no later than November 8, 2007.

17 DATED: 11/6/07

                                  /s/ Gregory G. Hollows

                              GREGORY G. HOLLOWS
                              UNITED STATES MAGISTRATE JUDGE

20 nuse.ord